U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 7 2017

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY HAMMETT, ET AL., | § | |
| Plaintiffs, | § | |
| VS. | § | NO. 4:17-CV-578-A |
| FCA US LLC, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Larry Hammett ("Larry") and Patricia Hammett, to remand. The court, having considered the motion, the response of defendant, FCA US LLC, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On January 12, 2017, plaintiffs filed their original petition in the 266th Judicial District Court of Erath County, Texas, naming FCA US LLC ("FCA") and ZF North America, Inc. ("ZF") as defendants. They alleged: On or around November 17, 2015, a defective 2015 Jeep Grand Cherokee designed, tested, marketed, distributed, and sold by FCA and ZF injured Larry when it suddenly rolled backward, running over his foot, ankle, and left side. Specifically, they alleged that the defect was in the monostable electronic "E-shift" gear shift assembly.

On July 18, 2017, FCA filed its notice of removal, bringing the action before this court. FCA claimed that the removal was timely in that it was filed within thirty days of the dismissal of plaintiffs' claims against ZF, which had earlier refused to consent to removal. Removal was based on diversity under 28 U.S.C. § 1332(a).

II.

Ground of the Motion

Plaintiffs assert that the removal was not timely inasmuch as the action was removable at the time of service of plaintiffs' original petition.

III.

Applicable Legal Standard

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ." 28 U.S.C. §1446(b)(1). Removal is improper unless all defendants who have been properly joined and served join in or consent to the removal. 28 U.S.C. §1446(b)(2)(A). If a defendant cannot convince his co-defendants to join in or consent to the removal, "he's stuck in state

court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006).[1]

Only if the case stated by the original pleading is not removable may a notice of removal be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3).

## IV.

## Analysis

Here, FCA contends that the action was not initially removable because ZF refused to consent to removal. FCA misreads the plain language of the removal statute. Section 1446(b)(3) only applies if the original pleading is not removable. Benson v. Benson, No. 515-CV-202-DAE, 2015 WL 3622335, at *3 (W.D. Tex. June 9, 2015); Vielma v. ACC Holding, Inc., EP-12-CV-501-KC, 2013 WL 3367494, at *4 (W.D. Tex. Apr. 16, 2013). Here, the face of plaintiffs' original petition reflects that the action was removable based on diversity. This is not a case where removal would have been improper at the outset. See, e.g., Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529 (5th Cir. 2006)(suit

---

[1] Likewise, a defendant who is served after the removal cannot be denied his right to move to remand the case. 28 U.S.C. § 1448.

initially nonremovable because some defendants were not diverse and were citizens of Texas, where the action was brought). Rather, plaintiffs could have chosen to bring their claims in federal court. Thus, section 1446(b)(3) does not apply.

FCA argues that the cases cited by plaintiffs are foreign to this jurisdiction and should not be considered authoritative, although it relies upon two such cases to support its position. FCA overlooks that removal statutes are to be strictly construed against removal and for remand. Bosky v. Kroger Texas, L.P., 288 F.3d 208, 211 (5th Cir. 2002). The failure to obtain the consent of ZF to the removal created a procedural, not a substantive, roadblock to removal. See Pike County v. Aries Bldg. Sys., LLC, No. 5:17-CV-17-DCB-MTP, 2017 WL 1737722, at *2 (S.D. Miss. May 3, 2017). The dismissal of the claims against ZF did not create jurisdiction where it had not previously existed.

V.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 7, 2017.

_____
JOHN McBRYDE
United States District Judge